UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-04643-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiffs David Swartz, Marcelo Muto, Cristina Salgado, and the Sierra Club allege that the "100% recyclable" labels on single-use plastic bottles supplied by defendants Coca-Cola, Blue Triton Brands, and Niagara Bottling, are false and misleading because most plastic bottles are not recycled. Dkt. No. 74 ¶¶ 3-4. Plaintiffs say the bottles end up in landfills or incinerators due to a lack of recycling capacity and a lack of demand for recycled plastics. *Id.* ¶¶ 42-44, 50. They allege that the "100% recyclable" labels violate California's Consumer Legal Remedies Act, False Advertising Law, and Unfair Competition Law, and constitute fraud, deceit, and/or misrepresentation, and negligent misrepresentation. *Id.* ¶ 106, 115, 125-33, 135-41, 144.

Defendants have asked to dismiss the consolidated amended complaint (CAC) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 75-77. The parties' familiarity with the record is assumed, and the CAC is dismissed.

While it is true that the question of consumer deception may be a factual matter unsuitable for resolution in a motion to dismiss, *see Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20, 2019), plaintiffs still have the initial burden of pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as informed by "judicial experience and common sense." *Cannara v.*

*Nemeth*, 467 F. Supp. 3d 877, 882 (N.D. Cal. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)), *aff'd*, 21 F.4th 1169 (9th Cir. 2021); *see also Yoshida v. Campbell Soup Co.*, No. 21-cv-9458-JD, 2022 WL 1819528, at *1 (N.D. Cal. May 27, 2022). The CAC stumbles on this threshold requirement.

No reasonable consumer would understand "100% recyclable" to mean that the entire product will always be recycled or that the product is "part of a circular plastics economy in which all bottles are recycled into new bottles to be used again." Dkt. No. 74 ¶ 66. In everyday usage, "recyclable" is an adjective that means capable of being recycled (e.g., "the plate is made of recyclable paper"), or a noun that denominates an object that can be recycled (e.g., "the students raised funds by selling recyclables to disposal facilities"). It does not mean a promise that an object will actually be recycled, as plaintiffs would have it. The allegation that defendants advertised recyclable bottles as part of a "circular plastics economy" does not plausibly establish that a reasonable consumer would interpret "recyclable" in the exaggerated manner that plaintiffs suggest. *See id.* ¶ 58; *see also Becerra v. Dr Pepper / Seven Up, Inc.*, 945 F.3d 1225, 1230 (9th Cir. 2019) (the word "diet" is not an "implicit weight-loss promise"). If anything, a reasonable consumer would understand that making an object recyclable is just the first step in the process of converting waste into reusable material, and not a guarantee that the process will be completed.

Plaintiffs' interpretation of "recyclable" is also inconsistent with California and federal law. The Green Guides published by the Federal Trade Commission provide the standard for environmental marketing claims under California law. *See* Cal Bus. & Prof. Code § 17580.5. The Green Guides permit marketing a product as "recyclable" if the product "can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). Unqualified recyclable claims are permissible if recycling facilities are available to at least 60% "of consumers or communities where the item is sold." *Id.* § 260.12(b)(1). In other words, whether a product is properly labeled "recyclable" under the Green Guides depends on whether it is comprised of materials that can be recycled by existing recycling programs--not, as plaintiffs say, on whether the product is converted into reusable material.

Plaintiffs do not plausibly allege that defendants' representations deviate from the commonly understood meaning of recyclable or the Green Guides definition. The CAC acknowledges that defendants' bottles "may be accepted for recycling by some curbside programs," and that consumers and communities in California have access to at least 75 Materials Recovery Facilities (MRFs) that process the plastics that comprise the bottles. Dkt. No. 74 ¶¶ 41-43, 50. The CAC cites to reports about a nationwide lack of recycling infrastructure, capacity, and demand, but it alleges no facts about the processing capabilities of MRFs in California and never alleges that any MRFs reject defendants' products. *See id.* ¶¶ 42-46, 50. The CAC claims that defendants' bottle caps and labels are comprised of types of plastic that are commonly landfilled or incinerated by MRFs because there is no demand for the recycled products. *Id.* ¶¶ 43-44. But that does not establish that the caps and labels are not capable of being recycled or that they are not accepted by existing recycling programs.

The CAC is dismissed. Plaintiffs may file an amended complaint by December 9, 2022. The amended complaint must be consistent with this order and may not add any new claims or parties without the Court's prior approval. This will likely be the last opportunity to amend. Failure to amend by the deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2022

JAMES DONATO
United States District Judge