United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, et al.,<br><br>  Defendants. | Case No. 21-cv-04643-JD<br><br>**THIRD ORDER RE DISMISSAL** |

This is a consumer class action concerning plastic water bottles that are labeled "100% Recyclable." Dkt. No. 116 (second amended complaint (SAC)). The Court dismissed with leave to amend two prior versions of the complaint, concluding that plaintiffs have standing to sue but that their consumer deception claims against Coca-Cola, Bluetriton Brands, and Niagara Bottling were not plausible under California law and the Federal Trade Commission's Green Guides. *See Swartz v. Coca-Cola Co.*, No. 21-cv-04643-JD, 2022 WL 17881771, (N.D. Cal. Nov. 18, 2022); *Swartz v. Coca-Cola Co.*, No. 21-cv-04643-JD, 2023 WL 4828680, (N.D. Cal. July 27, 2023). The parties' familiarity with the record and these orders is assumed, and the third motion to dismiss is denied.

The prior versions of the complaint fell short of plausibility because defendants are permitted under California law to make "unqualified recyclable claims" "if the entire product or package, excluding minor incidental components, is recyclable" through established recycling programs that are available to "a substantial majority" of Californians. 16 C.F.R. § 260.12(a)-(c) (Green Guides); *see* Cal. Bus. & Profs. Code § 17580.5 (providing that compliance with the Green Guides is a defense to deceptive environmental marketing claims). "When," as here, "specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). Because plaintiffs focused on the recyclability of minor components of the water bottles, such as caps and labels, their misrepresentation claims were not well-pleaded.

1    Plaintiffs took a different tack in the SAC, and overcame this shortfall.  The SAC presents a consumer survey commissioned by plaintiffs which found that most consumers understand the phrase "100% Recyclable" to mean that the entire water bottle, including the caps and labels, is recyclable through established recycling programs.  Dkt. No. 116 ¶¶ 47-49.  Most survey respondents also believed that the water bottles labeled "100% Recyclable" were "more capable of being completely recycled" than identical products labeled simply "Recyclable."  *Id*. ¶¶ 50-53.

These allegations are enough to go forward.  It is true that defendants are perfectly free to make recycling statements within the safe harbor and as the law otherwise permits, irrespective of consumer beliefs or understandings.  The problem for defendants is that the Green Guides allow "unqualified" recycling claims under certain circumstances, but defendants' statements expressly qualify recyclability as "100%."  16 C.F.R. § 260.12(c).  The SAC plausibly alleges that these representations to consumers are different from those within the Green Guides safe harbor, and that consumers understand them to mean that the entirely of the bottle is recyclable in California.  A marketing claim may not "overstate, directly or by implication, an environmental attribute or benefit."  16 C.F.R. § 260.3(c).

The SAC also plausibly alleges that the "100% Recyclable" claim, as understood by consumers, may be false or misleading.  The SAC alleges that California recycling facilities cannot process plastic film material, like that used to make defendants' product labels, and that the labels are "disposed of as refuse" by the facilities responsible for "more than 40% of the PET bottle recycling that occurs in California."  Dkt. No. 116 at ¶¶ 62-63; 68; 71-72.  These allegations allow a plausible inference that defendants' products are not capable of being "100%" recycled by plants in California.  That is enough for the deception claims to move forward.  *See Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20, 2019).

The parties are directed to jointly propose an amended scheduling order by April 25, 2024.

**IT IS SO ORDERED.**

Dated: April 8, 2024

JAMES DONATO
United States District Judge