KENT J. SCHMIDT (SBN 195969)
schmidt.kent@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

CREIGHTON R. MAGID (admitted *pro hac vice*)
magid.chip@dorsey.com
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199

Attorneys for Defendant
NIAGARA BOTTLING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID SWARTZ, CRISTINA SALGADO, and MARCELO MUTO, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, BLUETRITON BRANDS, INC., and NIAGARA BOTTLING, LLC,<br><br>Defendants. | Lead Case No. 3:21-cv-04643-JD<br><br>**NIAGARA BOTTLING, LLC'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT**<br><br>Judge: Hon. James Donato |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY and BLUETRITON BRANDS, INC.,<br><br>Defendants. | Case No. 3:21-cv-04644-JD |

//

-1-

1  Pursuant to Local Civil Rule 7-9 and Fed. R. Civ. P. 60, defendant Niagara Bottling, LLC hereby moves the Court for leave to file a motion for reconsideration of the Court's April 8, 2024, Order [Dkt. 123] denying Defendants' Consolidated Motion to Dismiss. The basis of the motion, set forth more fully in the accompanying memorandum, is that the Court failed properly to consider Defendants' dispositive legal arguments regarding the Cal. Bus & Prof Code § 17580.5(b)(1) safe harbor as a result of an erroneous interpretation of "qualified" claims as that term is used in the Federal Trade Commission's Green Guides.

This motion is supported by the accompanying Memorandum of Law, as well as the files and evidence in this case.

## MEMORANDUM IN SUPPORT

Cal. Bus & Prof Code § 17580.5(b)(1) provides that "[i]t shall be a defense to any suit or complaint brought under this section that the person's environmental marketing claims conform to the standards or are consistent with the examples contained in the 'Guides for the Use of Environmental Marketing Claims' published by the Federal Trade Commission." As the Court has previously held, the FTC's "Guides for the Use of Environmental Marketing Claims" – better known as the Green Guides – specifically provide that "[m]arketers can make unqualified recyclable claims for a product or package if the entire product or package, *excluding minor incidental components*, is recyclable." Order re Motion to Dismiss [Dkt. 115] at 6 (quoting 12 C.F.R. § 260.12(c) (emphasis added). The Court also previously held that both caps and labels constitute "minor incidental components." *Id.*; *see also Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 415 (S.D.N.Y. 2022) (labels, as well as caps, are "minor, incidental components" under the Green Guides). Cal. Bus & Prof Code § 17580.5(b)(1) therefore serves as an absolute bar to plaintiffs' claims that Defendants' clear PET water bottles cannot be labeled as "100% Recyclable" because – according to Plaintiffs – the caps and labels cannot be recycled.

In its April 8, 2024, Order, the Court concluded that the safe harbor of Cal. Bus & Prof Code § 17580.5(b)(1) applied only to "unqualified" claims, and that "100% Recyclable" was not an "unqualified" claim because "100%" qualified "Recyclable." Respectfully, this conclusion

misapprehends the meaning of an "unqualified claim" in the Green Guides.

As used in the Green Guides, a "qualified claim" is one that makes clear than recycling programs that accept the product are available to less than 60 percent of consumers or communities where the product is sold. *See* 16 C.F.R. § 260.12(b). For example,

> if recycling facilities are available to slightly less than a substantial majority [60 percent] of consumers or communities were the item is sold, a marketer may qualify a recyclable claim by stating: "This product [package] may not be recyclable in your area," or "Recycling facilities for this product [package] may not exist in your area."

16 C.F.R. § 260.12(b)(2). In other words, a "qualified claim" within the meaning of the Green Guides refers to a claim that specifically disclaims the general *availability* of recycling programs and facilities. *See* FTC, *The Green Guides Statement of Basis and Purpose,* p. 155 (2012), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf (referenced in 77 Fed. Reg. 62122 (Oct. 11, 2012)) (the Green Guides "explained that marketers should qualify recyclability claims to the extent necessary to avoid deception *about recycling program and collection site availability*.") (emphasis added).

By contrast, a claim that a product is "recyclable" or "100% recyclable" is an *unqualified* claim, because it is not qualified by a statement regarding the limited availability of recycling facilities or programs. *See* 16 C.F.R. § 260.12(b); *see also* FTC, *The Green Guides Statement of Basis and Purpose,* p. 170-71 (2012) ("The Commission advises marketers may either: make unqualified claims for products that at least 60 percent of consumers or communities can recycle, or make qualified claims for products that do not meet the 60 percent threshold.").

Whether a claim is "qualified" or "unqualified" does not depend upon whether a marketer says "please recycle," "recyclable," or "100% recyclable;" rather, the distinction solely concerns the availability of recycling programs and facilities. The FTC, moreover, views "recyclable" to be synonymous with "100% recyclable," since it defines "recyclable" to mean that "the *entire* product or package, excluding minor incidental components, is recyclable." 16 C.F.R. § 260.12(c) (emphasis added).

Because "100% recyclable" is an unqualified claim, it falls within the safe harbor set forth

-3-

in Cal. Bus & Prof Code § 17580.5(b)(1).  This is an absolute bar to plaintiffs' claims.  That plaintiffs assert that the caps and labels are not recyclable – which defendants very much dispute – does not change this analysis, since the Green Guides expressly exclude "minor, incidental components" such as caps and labels from the determination of a product's recyclability.  *See* 16 C.F.R. § 260.12(c).  Further, as the Court has held, the safe harbor acts as a bar to claims "irrespective of consumer beliefs or understandings," Third Order re Dismissal [Dkt. 123] at 2, making plaintiffs' purported survey irrelevant.

Respectfully, the Court erred in concluding that "100% Recyclable" was a qualified claim, rendering the safe harbor inapplicable.  As explained above, "100% Recyclable," in the absence of any qualification regarding the availability of recycling programs or facilities, is an *unqualified* claim within the meaning of the Green Guides.  The safe harbor applies here, and bars plaintiffs' claims.

Granting Niagara leave to file a motion for reconsideration is appropriate under Local Civil Rule 7-9 because (1) Niagara has exercised reasonable diligence in bringing this motion and (2) the Court failed properly to consider the dispositive legal arguments regarding the safe harbor set forth in Defendants' Consolidated Motion to Dismiss Second Amended Complaint.  Additionally, in conformance with Local Civil Rule 7-9(c), this motion does not repeat arguments made in prior briefing, as it addresses only the Court's interpretation of "qualified" claims.

Niagara has brought this motion within 14 days of the Court's Third Order re Dismissal [Dkt. 123], demonstrating reasonable diligence.  Defendants argued to the Court in their Consolidated Motion to Dismiss Second Amended Complaint that even if plaintiffs could establish that the caps and labels on defendants' PET water bottles were not recyclable, the safe harbor barred plaintiffs' claims.  *See* Defendants' Consolidated Motion to Dismiss Second Amended Complaint [Dkt. 119] at 2, 9-10.  Defendants also made it clear that the protection of the safe harbor was not affected by any consumer survey.  *Id*.  The Court did not consider these arguments because it misapprehended "100% Recyclable" to be a qualified claim under the Green Guides.  Leave to file a motion for reconsideration of the Court's Third Order re Dismissal is therefore appropriate under

Local Civil Rule 7-9, and is warranted to correct an error of law.

Dated:  April 22, 2024            Respectfully submitted,

                                  By:   /s/ Creighton R. Magid
                                        Kent J. Schmidt
                                        Creighton R. Magid (*pro hac vice*)
                                        DORSEY & WHITNEY LLP

                                        Attorneys for Defendant
                                        Niagara Bottling, LLC

-5-
NIAGARA BOTTLING, LLC'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
CASE NO. 21-CV-04643-JD

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*David Swartz et al v. The Coca-Cola Company Inc.*
*Northern District of California Consolidated Case Number 21-cv-04643-JD*

NIAGARA BOTTLING, LLC'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT

  I hereby certify that on April 22, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California by using the court's CM/ECF system.

  Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated: April 22, 2024       DORSEY & WHITNEY LLP

              By: /s/ Creighton R. Magid
                 Creighton R. Magid