**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Rajiv Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SWARTZ, CRISTINA SALGADO, and MARCELO MUTO, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, BLUETRITON BRANDS, INC., and NIAGARA BOTTLING, LLC,<br><br>Defendants. | Lead Case No.: 3:21-cv-04643-JD<br><br>**PLAINTIFFS' LETTER BRIEF RE: DEFENDANT COCA-COLA'S REFUSAL TO PERFORM ESI SEARCHES AS AGREED** |
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY and BLUETRITON BRANDS, INC.,<br><br>Defendants. | Case No.: 3:21-cv-04644-JD |

July 16, 2024

Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, California 94102

**RE:** *Swartz et al. v. The Coca-Cola Company, et al.*, **Lead Case No.: 3:21-cv-04643-JD – Coca-Cola's Refusal to Perform ESI Searches as Agreed**

Dear Judge Donato:

Plaintiffs respectfully submit this letter on behalf of Plaintiffs David Swartz, Marcelo Muto, Cristina Salgado, and the Sierra Club regarding Coca-Cola's failure to comply with the parties' November 4, 2022 ESI search agreement. Plaintiffs certify that they met and conferred with Coca-Cola pursuant to the Court's Standing Order For Discovery In Civil Cases ("Standing Order") and the Civil Local Rules on June 17, 2024 and July 2, 2024.

**Summary of Dispute and Background**

Plaintiffs served their initial Request for Production ("RFPs") on Coca-Cola on November 22, 2021. On August 4, 2022, Plaintiffs sent Coca-Cola a proposed set of search terms for Coca-Cola to perform on its electronically stored information ("ESI"). Coca-Cola stubbornly resisted Plaintiffs' proposed searches and refused to even provide a counterproposal, arguing that it did not believe that ESI searches were necessary for this case. On October 21, 2022, Plaintiffs filed a discovery letter with the Court requesting, *inter alia*, Coca-Cola to perform Plaintiffs' proposed searches on the ESI maintained by Coca-Cola's custodians and in its internal repositories. ECF No. 93.

On November 4, 2022—with Plaintiffs' letter dispute pending—Coca-Cola finally agreed to run ESI searches. It drafted its own search terms and unequivocally committed that it "[would] provide any non-privileged, responsive documents in accordance with the[se] agreements;" that "Coca-Cola's collection of documents from its central repositories is underway," and "Coca-Cola will continue to review the documents collected and produce responsive documents on a rolling basis." *See* Nov. 4, 2022 Letter from K. Opoku-Gyamfi to R. Thairani (summarized *infra*). Shortly thereafter, the Court granted Defendants' motion to dismiss the Consolidated Amended Complaint (ECF No. 99) and stayed discovery (ECF No. 100).

On April 8, 2024, the Court denied Defendants' Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint in full. ECF No. 123. Although Plaintiffs clarified their allegations, added additional factual support, and added survey allegations to the Complaint (*see* ECF Nos. 101, 116), the crux of the case has remained unchanged: Defendants' "100% Recyclable" claim is deceptive to reasonable consumers because the water bottles are not recyclable in their entirety—i.e., not "100% Recyclable" as Defendants claim on the labels.

After the stay was lifted, Plaintiffs reached out to each Defendant to discuss ESI document production. BTB agreed to run the search terms the parties had previously negotiated and Niagara resumed negotiating search terms where the parties had left off prior to the stay. Coca-Cola is the only holdout. Not only did Coca-Cola renege on its November 4 agreement, Coca-Cola insists that it would be most efficient for the parties to start discovery over.

In two meet and confers and numerous follow up emails, Coca-Cola has taken the position that the case had been significantly limited since November 4, 2022 when Coca-Cola committed

- 2 -
PLAINTIFFS' LETTER BRIEF – LEAD CASE NO. 3:21-CV-04643-JD

to perform searches. Coca-Cola has stated that it intends to object "to any requests that relate to the recyclability of components other than the Dasani Products' caps and labels" and that the objection "applies to each of Plaintiffs' currently outstanding requests."

Plaintiffs offered Coca-Cola the opportunity to (1) amend its August 9, 2022 responses and objections ("R&Os") to include any objections Coca-Cola deems necessary to address the alleged narrowing of the scope of discovery by June 25 (40 days after discovery re-opened) and (2) to propose revised searches (without waiver of Plaintiffs' right to enforce the original agreement). Coca-Cola refused this offer stating that it would *not* amend its R&Os to assert the new dubious objections until July 18, 2024. It also refused to provide a date certain when it would propose revised search terms.

Although Coca-Cola has stated that it intends to serve amended revised R&Os imminently, further meeting and conferring would be fruitless because Coca-Cola is intentionally delaying and it has already stated the new objections that it intends to assert in email communications (which it could have asserted weeks ago). As explained herein, the new objections are meritless and do not provide any basis for revising the parties' original agreement.

**Argument**

Coca-Cola cannot show good cause for its delay in producing documents identified by the agreed-upon electronic searches as of November of 2022. To the extent that Coca-Cola argues that it is now entitled to assert new objections to the outstanding discovery requests based on the Court's most recent order and walk back its agreement to produce ESI, Coca-Cola is wrong.

First, Coca-Cola has waived its new objections by sitting on them for nearly two months. The Court lifted the stay on May 16, 2024. Coca-Cola should have asserted these new objections promptly. Inexplicably, Coca-Cola is delaying until July 18, 2024 to amend its RFPs, more than two months after the stay was lifted. *See*, *e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Lam v. City & Cty. of S.F.*, No. 4:10-cv-04641-PJH (LB), 2015 U.S. Dist. LEXIS 96994, at *5 (N.D. Cal. July 23, 2015) ("The court finds that the plaintiffs' failure to timely respond means that they waived their right to object"); *LifeGoals Corp. v. Advanced Hair Restoration LLC*, No. C16-1733JLR, 2017 U.S. Dist. LEXIS 208507, at *7 (W.D. Wash. Dec. 19, 2017) ("This general rule of waiver extends to new objections raised for the first time in an untimely supplemental response"). Coca-Cola has provided no explanation as to why it could not serve amended responses immediately so that the Court could weigh in on the proprietary of such objections. This is because its primary aim is to delay.

Even if the new objections were timely, they are meritless. Coca-Cola argues that it wishes to renegotiate the Parties' agreement because it objects to Plaintiffs' RFPs because this case is now only about the recyclability of the labels and caps of the Products. However, that is not true; the case is about the truth or falsity of the "100% Recyclable" claim on the Products. Indeed, Plaintiffs make specific allegations regarding the recyclability of the bottles as a whole in their Complaint. During the parties' meet and confers, Plaintiffs pointed to, *inter alia,* paragraph five of the operative complaint, which alleges, "the Products are not "100%" recyclable, because "on average, **28% of each bottle** sent to recycling facilities in California cannot be processed due primarily to contamination in the waste stream and ends up in landfills or burned." ECF No 116 ¶ 5 (emphasis added). The Court denied Defendants' motion to dismiss Plaintiffs' complaint in full, which includes allegations that 28% of each bottle cannot be recycled. ECF No. 123.+

Even if this were not the case, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case." Fed. R. Civ. P. 26(b)(1). Relevance is a broad standard. For example, an email conversation between two marketing employees discussing how consumers understand the term "recyclable" would be relevant regardless of whether they specifically discussed the labels are caps or even directly discussed the "100% Recyclable" claim because it would shed light on how consumers understand the claim "recyclable" vs "100% recyclable" and could indirectly shed light on the materiality of the "100% recyclable" claim.

**Key Terms of November 4, 2024 Agreement**

Per the Court's Standing Order, Plaintiffs have not attached the actual letter agreement sent by Coca-Cola but instead provide a summary of the agreement's key terms. Plaintiffs will file the full agreement upon the Court's request. Additionally, Plaintiffs have attached Coca-Cola's complete R&Os to Plaintiffs' First Set of RFPs, which show the text of Plaintiffs' RFPs and Coca-Cola's corresponding, served response. *See* Exhibit 1.

Coca-Cola agreed to run the following searches on its ESI custodians Brad Britz, Tiffany Chan, Zen Kramer, Ugochinyere Okwu-Laurence, Lori Ruth, Noah Wigington and Scott Wiley:

(1) Dasani AND recyclable

(2) Dasani AND ((analysis OR analyz! OR study OR studies OR studied OR evaluat! OR report! OR investigat! OR survey! OR research! OR present!) w/50 ((perceiv! or perception OR underst! OR interpret! OR impression! OR comprehen! OR constru! OR prefer!) AND (recycl! OR green OR eco-friendly OR ecofriendly OR sustainab! OR (circular w/3 economy) OR "100 percent" OR 100% OR "World Without Waste")))

(3) Dasani AND (recycl! AND ((select! OR chose! OR choos! OR choice OR design! OR develop! OR decid! OR decision OR chang! OR modif! OR adjust! OR alter! OR revis! OR engineer!) w/50 (plastic OR package! OR material! OR bottle! OR label! OR cap!)))

(4) Dasani AND ((consumer OR person OR individual) AND ((complain! OR ask! OR inquir! OR quest! OR claim) w/50 (recyl! OR unrecyclable OR "not recyclable")))

(5) (unrecyclable OR "not recyclable" OR landfill OR incinerate OR ((recycl! OR reclamation OR recovery OR sanitation) w/5 (facilit! OR program!)) OR MRF!) w/50 (bottle! OR cap! OR label! OR BOPP OR HDPE OR polypropylene OR polyethylene)

(6) Dasani AND ((test! OR substantiat! OR evaluat! OR analysis OR analyz!) w/50 recycl!)

(7) (Cristina w/3 Salgado) OR (Marcelo w/3 Muto)

Additionally, Coca-Cola agreed to run the searches ("100% Recyclable") and (Recyclable AND Dasani) on two central document repositories and to further investigate how to search for and produce relevant consumer research from two other central repositories.

**Relief Requested**

To avoid further delays, Plaintiffs respectfully request that the Court order Coca-Cola to comply with the November 4, 2022 agreement by performing its proposed searches on its ESI and begin producing responsive documents within 30 days.

Respectfully submitted,

*/s/ Rajiv Thairani/*
**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Rajiv Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*