

AMY WEISGRAM
Associate
(612) 492-5471
weisgram.amy@dorsey.com

July 24, 2024

**VIA ELECTRONIC FILING**

Honorable James Donato
U.S. District Court Judge
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    David Swartz, et al., v. The Coca-Cola Company, Bluetriton Brands, Inc., and Niagara Bottling, LLC, Case No. 21-CV-04643-JD; Letter Regarding Discovery

Dear Judge Donato,

      This firm represents Defendant Niagara Bottling, LLC (Niagara) in the above-referenced matter. We submit this letter, certifying that counsel for Plaintiffs and Defendant Niagara Bottling, LLC (Niagara) have met and conferred, to attempt to resolve a discovery dispute centered on Plaintiff's obligation to respond to Defendant's First Set of Interrogatories. The scope of the discovery dispute explained in this letter is discreet and limited to only three Interrogatories. To date, Plaintiffs have failed to respond to Niagara's requests.

**I.    Background**

      Plaintiffs David Swartz, Kristina Salgado and Marcelo Muto (Plaintiffs) allege that the "100% Recyclable" statement on clear, polyethylene terephthalate ("PET") water bottles sold by The Coca-Cola Company ("Coca-Cola"), BlueTriton Brands, Inc. ("BTB"), and Niagara Bottling, LLC ("Niagara") is deceptive because, according to Plaintiffs, the bottles are not fully recyclable. As Defendants have repeatedly pointed out in their consolidated motions to dismiss, the Second Amended Complaint contains no factual allegations supporting Plaintiffs' contention.

      Niagara knows that Defendants' PET water bottles – including the caps and labels – can, in fact, be fully recycled and believes that Plaintiffs have no evidence supporting the claims in their Second Amended Complaint. Similarly, Niagara bottled water is priced far less than its competitors' bottled waters and Niagara does not charge a "price premium" as a result of the "100% Recyclable" statement. Niagara strongly suspects that



July 24, 2024
Page 2

Plaintiffs have also asserted the existence of a price premium without any evidence of such a premium.

## II.  Disputed Discovery Request

To determine whether Plaintiffs satisfied their Fed. R. Civ. P. 11(b)(3) obligations at the time they filed their initial Complaint and each subsequent Amended Complaint, Niagara served the following interrogatories on Plaintiffs:

> INTERROGATORY NO. 1:  Identify, with specificity, all information supporting the claim that the Challenged Niagara Products are not recyclable.
>
> INTERROGATORY NO. 2:  Identify, with specificity, all information supporting the claim that the Challenged Niagara Products are not recyclable in California.
>
> INTERROGATORY NO. 3:  Identify, with specificity, all information supporting the claim that the Plaintiffs, or any of them, paid a "price premium" for the Challenged Niagara Products.

Plaintiffs objected to each of these Interrogatories and have refused to answer them, claiming that the interrogatories are impermissible contention interrogatories.

At a meet-and confer held on June 21, 2024, Niagara's counsel explained why the case law cited by Plaintiffs in their objections to the Interrogatories did not support Plaintiffs' position. Niagara's counsel also explained that the Interrogatories are not requests for all evidence yet to be discovered or that may be presented at trial. Niagara then followed up on July 2, 2024, requesting that Plaintiffs state whether they would or would not provide answers to the Interrogatories. Plaintiffs responded by email on July 3, 2024, stating that they would "review" their Interrogatory objections and would "follow up" with Niagara the week of July 8, 2024. Plaintiffs have yet to "follow up."

## III.  Niagara is Entitled to Discovery

The scope of discovery is broad. Under Fed R. Civ. P. Rule 26, "a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Inadequate responses to interrogatories risk prejudicing Defendants, who must know the factual basis on which Plaintiffs are seeking relief.



July 24, 2024
Page 3

Niagara is entitled to know the factual basis for the claims stated in Plaintiffs' Complaint and Amended Complaints to prepare for trial. Inadequate responses to interrogatories risk prejudicing Niagara, who must know the basis on which Plaintiffs are seeking relief.

Plaintiffs' objections to Niagara's Interrogatories are misplaced. As Niagara has made clear to Plaintiffs, the Interrogatories do not seek all evidence that Plaintiffs may introduce at trial or that Plaintiffs may yet come across during discovery. Rather, the Interrogatories simply ask Plaintiffs to identify the evidence existing <u>at the time</u> the Second Amended Complaint was filed supporting Plaintiffs' contentions that: (a) Niagara's PET water bottles are not fully recyclable," and (b) Niagara charged a "price premium" due to the presence of the "100% Recyclable" claim on the bottle labels. The law is clear that such discovery is permissible. The case law Plaintiffs cite in their responses to the Interrogatories to support their objections repeats and affirms this standard.

Niagara seeks to determine, for purposes of a Rule 11 or a Rule 56 motion, whether Plaintiffs have factual support for their contentions that Niagara's PET water bottles are not fully recyclable and that Niagara charges a "price premium" as a result of the "100% Recyclable" claim. It is doubtful that Plaintiffs have any factual support. Niagara's interrogatories are appropriate at this stage of the action, because they seek the basis for the allegations made in Plaintiffs' Second Amended Complaint and do not ask Plaintiffs to identify all evidence they may seek to introduce at trial.

Because Niagara is entitled to know whether Plaintiffs have a factual basis for the claims asserted in their Second Amended Complaint, we request the Court's assistance to compel Plaintiffs to respond fully to Niagara's Interrogatories 1 - 3.

Respectfully submitted,

DORSEY & WHITNEY LLP

*[signature]*

Amy Weisgram

Case 3:21-cv-04643-JD   Document 142   Filed 07/24/24   Page 4 of 4



July 24, 2024
Page 4

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*David Swartz et al v. The Coca-Cola Company Inc.*
*Northern District of California, Consolidated Case Number 21-CV-04643-JD*

LETTER TO COURT REGARDING DISCOVERY DISPUTE

    I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California by using the Court's CM/ECF system.

    Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated: July 24, 2024                        DORSEY & WHITNEY LLP

                                                        By:    /s/ *Amy Weisgram*