**GUTRIDE SAFIER LLP**
SETH A. SAFIER (SBN 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (SBN 262670)
marie@gutridesafier.com
RAJIV V. THAIRANI (SBN 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94610
(415) 639-9090
(415) 449-6469 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SWARTZ, CRISTINA SALGADO, and MARCELO MUTO, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, BLUETRITON BRANDS, INC., and NIAGARA BOTTLING, LLC,<br><br>Defendants. | Lead Case No.: 3:21-cv-04643-JD<br><br>**JOINT MOTION TO AMEND THE CASE SCHEDULE** |
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY and BLUETRITON BRANDS, INC.,<br><br>Defendants. | Case No.: 3:21-cv-04644-JD |

Pursuant to Civil Local Rules 6-1, 6-2, 6-3, and 7-11, Plaintiffs David Swartz, Cristina Salgado, Marcelo Muto, and Sierra Club ("Plaintiffs") and Defendants The Coca-Cola Company ("Coca-Cola"), BlueTriton Brands, Inc. ("BTB") and Niagara Bottling LLC ("Niagara") (collectively, "Defendants") jointly move to amend the case schedule for the above-captioned matters. The Parties agree that an extension of time is needed to avoid substantial prejudice to all Parties, and agree on the proposed revised dates below.

**A. <u>Current Status of Discovery Efforts.</u>**

This case was stayed between November 28, 2022, and May 16, 2024. (ECF Nos. 100, 135.) Upon lifting the stay, the Court entered an amended case scheduling order. (ECF No. 137.) Since the stay was lifted and the new case schedule was set, the Parties have continued to pursue discovery:

- Plaintiffs served subpoenas on Republic Services, Inc., Waste Management, Inc., and Recology, Inc., three major recycling companies operating in California. BTB also served subpoenas on Republic Services, Inc. and Waste Management, Inc.
- Plaintiffs served subpoenas on Merlin Plastics and Evergreen Recycling LLC, two major operators of plastic water bottle reclamation plants in California.
- Plaintiffs and Defendants have served multiple requests for production and interrogatories on each other, and have responded to multiple requests for production and interrogatories.
- The Parties have conferred regarding search terms, custodians, ESI searches, sales data, relevant products, and each other's discovery responses.

Despite these efforts, the Parties have hit several obstacles in discovery, resulting in numerous conferences and eventually the filing of five discovery dispute letters, none of which has been resolved. *See* ECF Nos. 140, 142, 144, 150, & 152.

To date, Coca-Cola has produced about 295 documents, Niagara has produced 586 documents, and BTB has produced over 1,200 documents. The Consumer Plaintiffs have produced 43 documents in total for all three named plaintiffs and the Sierra Club has produced approximately 600 documents. Plaintiffs anticipate that the productions from the Parties (collectively) will ultimately comprise

thousands of documents. In addition, Plaintiffs and BTB have issued 7 subpoenas to large recycling facilities and are trying to obtain substantive responses (documents and testimony) from those non-parties. Further, the Parties have identified more than a dozen fact witnesses and/or custodians in their initial disclosures and in their ESI conferences, so there will be a substantial number of depositions that need to occur. In sum, the majority of discovery remains outstanding in this case. Substantial time will then be needed to review and analyze the documents produced, conduct depositions, resolve any further disputes, and complete other tasks.

Given the pending disputes, the number of parties involved, and the complexity of document collection, the bulk of document production likely will not occur until November, and possibly thereafter. Under the current schedule, with a discovery cutoff on December 22, this pace does not leave the Parties sufficient time to review and analyze the documents, issue follow-up requests or resolve further disputes, prepare for and conduct depositions, and obtain admissions and/or stipulations to ensure the proper and efficient litigation of this case. Accordingly, substantial harm and prejudice will occur if the discovery period is not enlarged, as the Parties will be unable to develop a proper and adequate record for the determination of the claims and defenses raised in this lawsuit.

**B. <u>Prior Modifications to the Case Schedule.</u>**

The Court issued its initial scheduling order on June 29, 2022, setting various pretrial deadlines, including a deadline for the close of fact discovery on December 16, 2022, the close of expert discovery on March 3, 2023, and for Plaintiffs to file for class certification on March 31, 2023. (ECF No. 81.) The Parties requested an extension of that schedule on September 26, 2022 (ECF No. 90); however, that joint request was mooted by the Court's decisions to dismiss the consolidated amended complaint and to stay the action. (ECF Nos. 99, 100.) The next change to the case schedule occurred when the Court lifted the stay and set a new case schedule. (ECF Nos. 135, 137.) This is the Parties' first request to modify that schedule.

**C. <u>The Parties' Discovery Efforts Prior to the Stay.</u>**

Prior to the stay, the Parties worked diligently to make progress on the exchange of discovery, including the following:

- In November 2021, Plaintiffs served discovery requests on Defendants. (In December 2021, Plaintiffs and Defendants agreed to extend the deadline to respond to their written discovery requests until two weeks after the Court issued an order on a motion to dismiss holding that any of Plaintiffs' claims are viable.)
- Promptly following the Court's June 2022 scheduling order, the Parties met and conferred to reach agreement on a deadline for Defendants to respond to Plaintiffs' November 2021 discovery requests.
- On August 4, 2022, Plaintiffs served each Defendant with a letter requesting information about their ESI custodians and databases and proposing ESI search terms.
- On August 5, 2022, Defendants provided their responses and objections to Plaintiffs' interrogatories and requests for production.
- On August 9, 2022, Niagara served Plaintiffs Marcelo Muto, Cristina Salgado and David Swartz with interrogatories and requests for production.
- On August 10, 2022, Plaintiffs served 30(b)(6) deposition notices on each of the Defendants.
- On August 12, 2022, after several meet and confers, the Parties filed a protective order and ESI order (ECF Nos. 87-88).
- On August 26, 2022, the Parties exchanged initial disclosures.
- On September 2, 2022, Coca-Cola served Sierra Club with interrogatories and requests for production and noticed the deposition of Simone Kufahl, a Sierra Club volunteer.
- On September 9, 2022, BTB served Plaintiff David Swartz with interrogatories and requests for production.
- On September 23, 2022, BTB noticed the deposition of Simone Kufahl, a Sierra Club volunteer.
- On October 19, 2022, BTB served Plaintiff Sierra Club with interrogatories and requests for production.
- On October 31, 2022, Coca-Cola served Plaintiffs Swartz, Salgado, and Muto with

interrogatories and requests for production.

- On November 7, 2022, Coca-Cola and BTB deposed Simone Kufahl, a Sierra Club volunteer.
- On November 9, 2022, BTB served a deposition notice on Plaintiff David Swartz.
- On November 10, 2022, Coca-Cola served a deposition notice on Hoiyin Ip, another Sierra Club volunteer, and Plaintiffs Muto and Salgado.

The Parties participated in many discovery conferences, totaling more than ten hours, to discuss the protective order and the ESI order, both of which were eventually agreed upon by the Parties; ESI search protocols, custodians, and search terms; the scope of discovery; Defendants' objections and responses to Plaintiffs' written discovery requests; and depositions. Further progress was halted upon the order staying the case.

**D. <u>The Requirements for an Enlargement of Time Are Satisfied.</u>**

Because this consolidated litigation involves seven Parties, fifteen attorneys of record, many attorneys who have not appeared in this case, and multiple departments within the Defendant corporations, reaching agreements among the Parties is cumbersome and time consuming despite the best efforts of counsel. The Parties have each served responses to extensive written discovery and have spent many hours discussing ESI and discovery issues. However, the Parties still have significant disputes about ESI and the scope of discovery, and it will take additional time for the Parties to produce documents and for the Parties to complete depositions and other remaining discovery tasks. Given the foregoing, the Parties will be unable to complete the full exchange of discovery on the current timetable and will suffer substantial harm and prejudice as a result. This is the Parties' second request for a modification to the Court's case schedule, and the effect of the requested enlargement on the case schedule is set forth below. *See* Civ. L.R. 6-2 (a)(1)–(a)(3).

**E. <u>Proposed Amended Deadlines.</u>**

The Parties agree on an extension of the discovery period. The Parties disagree only as to the scope of a proposed interim deadline for service of document requests. The first table below summarizes the Parties' competing proposals regarding the deadline for service of document requests, and the second

table sets forth the Parties' agreed proposals regarding the remainder of the case schedule in this case.

| **Disputed Event** | **Deadline** | **Proposed Deadlines or Competing Proposals** |
|---|---|---|
| No party shall serve interrogatories, document requests, or requests for admission after November 22, 2024, other than those relating specifically to facts revealed for the first time in a document production, expert report, or deposition provided by the opposing party on or after November 1, 2024. | November 22, 2024 | *Plaintiffs do not believe that limiting written discovery on November 22, 2024 makes sense and states their position below.*<br><br>*Defendants do not believe that an extension of the discovery period should be an invitation to serve additional written discovery that could have been served previously and state their position below.* |

| **Event** | **Deadline** | **Proposed Revised Agreed Deadlines** |
|---|---|---|
| Fact discovery cut-off | December 22, 2024 | March 21, 2025 |
| Expert disclosures | January 24, 2025 | April 24, 2025 |
| Rebuttal expert disclosures | February 28, 2025 | May 29, 2025 |
| Expert discovery cut-off | March 21, 2025 | June 20, 2025 |
| Last day to file class certification motion | April 11, 2025 | July 11, 2025 |
| Last day to file opposition to class certification | May 9, 2025 | August 8, 2025 |
| Last day to file reply in support of class certification | May 30, 2025 | August 29, 2025 |
| Last day to file dispositive and *Daubert* motions | September 12, 2025 | December 12, 2025 |
| Pretrial Conference | Thursday, November 20, 2025, at 1:30pm | Thursday, February 19, 2026, at 1:30pm |
| Jury Trial | Monday, December 1, 2025, at 9:00am | Monday, March 2, 2026, at 9:00am |

**F. Disputed Positions.**

**1. Defendants' Proposed November 22 Deadline to Serve Written Discovery.**

All the parties support the extension. However, Defendants condition their support on keeping the current deadline for serving written discovery, other than requests relating specifically to facts revealed for the first time in a document production, expert report, or deposition provided by the opposing party on or after November 1, 2024. Plaintiffs oppose this condition.

**Plaintiffs' Position**

Defendants' proposal to set two separate deadlines for the close of discovery—one for written discovery on November 22, 2024 (with some carve outs), and another for the close of fact discovery on March 21, 2025—is impractical and will likely lead to unnecessary complications and disputes.

First, Plaintiffs have informed Defendants that they do not anticipate serving numerous additional requests for production. However, there will inevitably be the need for targeted follow-up requests after Plaintiffs review Defendants' ESI production and take depositions. At present, it is unlikely that any Defendant will complete its ESI production before November, making it impossible for Plaintiffs to adequately review those productions, assess any deficiencies, or determine whether entire categories of documents are missing before the deadline. In fact, it is likely that Plaintiffs will only fully understand the completeness of Defendants' productions after receiving and analyzing deposition testimony, which will clarify critical facts and expose any gaps in Defendants' document production. Plaintiffs are not aware of any other case where parties were limited only to their initial discovery requests, and were not allowed to pursue more targeted discovery as they learned more about each other's documents, operations, systems, jargon, and contentions.

Second, Defendants' blanket restriction on requests for admission is counterproductive. Requests for admission serve important functions in litigation, such as narrowing the issues for trial and streamlining the presentation of evidence to the Court. These requests are typically employed later in discovery, once the Parties have obtained a clearer understanding of the evidentiary record, making their use crucial closer to trial. Defendants' proposal would deny Plaintiffs this important tool for ensuring the efficiency of

proceedings and could result in unnecessary disputes over facts that could otherwise be resolved through the proper use of requests for admission.

Additionally, the language of Defendants' proposal is likely to generate future disputes regarding whether a party knew or should have known about the existence of certain documents or information prior to November 22, 2024. It also incentivizes gamesmanship, as a party can simply delay producing certain documents and information until after (or even just before) the cutoff, knowing that the other parties will likely want to follow up on those documents or information. This creates a highly subjective and vague standard that would invite disputes over whether particular discovery requests are permissible, thereby consuming additional judicial resources and leading to delays.

While Plaintiffs appreciate Defendants' desire to limit written discovery after a certain point, the arbitrary, premature, and ambiguous cutoff they propose for November 22, 2024, is not conducive to the efficient resolution of this case. In contrast, a single, unified deadline of March 21, 2025, for the close of fact discovery would ensure that all Parties have adequate time to fully complete discovery, review document productions, and address any issues that arise during depositions or expert reports. This approach is far more likely to reduce unnecessary disputes, promote judicial efficiency, and ensure a fair discovery process.

**Defendants' Position**

Plaintiffs approached Defendants with a request to extend the discovery period. Defendants agreed, on the condition that the extension not serve as a pretext for serving additional written discovery that could have been served earlier. Defendants' proposal serves that objective, while also accommodating the need for limited follow-up discovery requests.

Defendants' proposal allows for the review of all documents produced in the litigation and for the scheduling and completion of all depositions in the case. The proposal also provides an opportunity for Plaintiffs (or any Party) to serve additional written discovery after November 22, 2024, to address fully Plaintiffs' concerns about the need to follow up on documents produced in November or later or issues that arise during depositions or expert reports.

Plaintiffs' assertion that post-November requests for admission are necessary to narrow issues for trial is unfounded. The issues for trial are sufficiently defined even at this juncture to allow trial-narrowing requests for admission to be served prior to November 22, 2024. Plaintiffs' professed interest in narrowing issues for trial is, moreover, inconsistent with its refusal to date to explain the basis for its claims. *See, e.g.*, ECF No. 142. Nor is "gamesmanship" an issue. Were Defendants truly inclined to engage in such "gamesmanship," the theorized "document dump" would occur immediately before the written discovery deadline regardless of whether it is November 22 or February 26. Further, the Court could address and rectify any "gamesmanship" by any party were it to occur.

Defendants' proposal fully addresses the Parties' need to complete depositions and document productions without opening the door to burdensome and unnecessary waves of additional written discovery.

**2. BTB's Request that the Court Deny Plaintiffs' Request for Immediate Production of Documents and Information (Identified in Two Pending Letter Disputes).**

In conjunction with the extension, Defendant BTB also requests that the Court deny the pending letter disputes against it (ECF Nos. 150, 152). Plaintiffs oppose this request.

**<u>Plaintiffs' Position</u>**

The disputes addressed in the pending letter briefs are ripe for decision, as the parties have already conferred extensively and Plaintiffs still do not have basic information that Plaintiffs requested **years** ago (such as the specification of the labels with the "100% Recyclable" claim, the periods those labels were in the market, and the sales totals for the relevant products) and that the other Defendants have already produced. Indeed, the delays discussed in those letters are among the reasons the extension is necessary. BTB's request for more discussions is simply another delay tactic that will kick the can down the road with respect to it complying with its discovery obligations.

If the Court grants the extension and if BTB commits to produce the requested documents and information reasonably promptly, Plaintiffs will withdraw the disputes. But it makes no sense for BTB to insist that it **not have any deadlines at all**. Without clear deadlines or Court intervention, BTB will

continue to obstruct discovery, which will just result in more delays and undermine the purpose of the extension.

To prevent further obstruction and ensure meaningful progress, Plaintiffs respectfully request that the Court deny BTB's proposed additional request and rule on the pending letter briefs to establish firm deadlines. As Plaintiffs explain in their letter briefs, even if BTB produces the requested documents and information immediately, the Parties still have significant work to do to complete discovery.

**BTB's Position**

BTB is not opposed to extending the fact discovery deadline, provided that: (1) BTB is not required to complete productions by a certain date until the Parties have met and conferred and agreed upon a date that is reciprocal and reasonable in light of any extension; and (2) BTB is not required to submit supplemental interrogatory responses within one week of any Court order as requested by Plaintiffs' letter brief (ECF No. 152). BTB proposes that, after the Court has ruled on this joint motion, the parties meet and confer regarding a reciprocal, reasonable date for the substantial completion of productions. In light of the request to move the discovery deadline by three months, the Court should deny Plaintiffs' unilateral request for only BTB to complete productions by October 8 (ECF No. 150) and to provide sales and labels data on a seven-day timetable (ECF No. 152) for the reasons more fully expressed in BTB's opposition (ECF No. 155) to Plaintiffs' motion for an October 8 completion of productions and in BTB's forthcoming October 10 opposition to Plaintiff's Letter Brief (ECF No. 152).

DATED: October 11, 2024

**GUTRIDE SAFIER LLP**

By: */s/ Rajiv V. Thairani/*[1]

Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Marie A. McCrary (SBN 262670)
marie@gutridesafier.com
Rajiv V. Thairani (SBN 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
(415) 639-9090
(415) 449-6469 (fax)

*Attorneys for Plaintiffs*

**PATTERSON BELKNAP WEBB & TYLER LLP**

By: */s/ Steven A. Zalesin/ (by permission)*

Steven A. Zalesin (*pro hac vice*)
sazalesin@pbwt.com
Jane Metcalf (*pro hac vice*)
jmetcalf@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
(212) 336-2222 (fax)

**LAFAYETTE & KUMAGAI LLP**

Gary T. Lafayette (SBN 88666)
glafayette@lkclaw.com
Brian H. Chun (SBN 215417)
bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
(415) 357-4600
(415) 357-4605 (fax)

*Attorneys for Defendant The Coca-Cola Company*

[1] Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Rajiv V. Thairani, hereby attest that concurrence in the filing of this Joint Motion to Amend the Case Schedule (Civ. L.R. 6-2) has been obtained from counsel for Coca-Cola, counsel for BTB, and counsel for Niagara.

**O'MELVENY & MYERS LLP**

By: */s/ Hannah Y. Chanoine/ (by permission)*

Dawn Sestito (SBN 214011)
dsestito@omm.com
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
(213) 430-6000
(213) 430-6407 (fax)

Hannah Y. Chanoine (*pro hac vice*)
hchanoine@omm.com
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
(212) 326-2061 (fax)

**DORSEY & WHITNEY LLP**

By: */s/ Creighton R. Magid/ (by permission)*

Kent J. Schmidt (SBN 195969)
schmidt.kent@dorsey.com
Jill Gutierrez (SBN 258138)
gutierrez.jull@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: (714) 800-1445
Facsimile: (202) 464-4507

Creighton R. Magid (*pro hac vice*)
magid.chip@dorsey.com
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199

*Attorneys for Defendant Niagara*