**GUTRIDE SAFIER LLP**
SETH A. SAFIER (SBN 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (SBN 262670)
marie@gutridesafier.com
RAJIV V. THAIRANI (SBN 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94610
(415) 639-9090
(415) 449-6469 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SWARTZ, CRISTINA SALGADO, and MARCELO MUTO, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, BLUETRITON BRANDS, INC., and NIAGARA BOTTLING, LLC,<br><br>Defendants. | Lead Case No.: 3:21-cv-04643-JD<br><br>**DECLARATION OF RAJIV V. THAIRANI IN SUPPORT OF JOINT MOTION TO AMEND THE CASE SCHEDULE** |
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY and BLUETRITON BRANDS, INC.,<br><br>Defendants. | Case No.: 3:21-cv-04644-JD |

I, Rajiv V. Thairani, declare:

1. I am an attorney licensed to practice law before this Court, an associate at the law firm Gutride Safier LLP, and attorney of record for the Plaintiffs. I have personal knowledge of the facts contained in this declaration and, if I were called as a witness, I could and would competently testify to the same. I submit this declaration in support of the Parties' Joint Motion to Amend the Case Schedule.

2. The Parties met-and-conferred by email and Plaintiffs met and conferred with counsel for BTB on September 27, 2024 via teleconference to negotiate the Motion.

3. The Parties agree that an extension of time is needed to avoid substantial prejudice to both sides, and agree on a majority of the proposed revised dates. All Parties jointly request an extension of the discovery schedule by approximately three months.

4. The Parties disagree only as to whether the Court should additionally order that (1) no party shall serve interrogatories, document requests, or requests for admission after November 22, 2024, other than those relating specifically to facts revealed for the first time in a document production, expert report, or deposition provided by the opposing party on or after November 1, 2024 and (2) deny Plaintiffs' pending disputes against BTB as explained in more detail in the Parties' Joint Motion to Amend the Case Schedule. The first proposal is made by all Defendants and the second proposal is made by BTB.

**Current Status of Discovery Efforts.**

5. This case was stayed between November 28, 2022, and May 16, 2024. Upon lifting the stay, the Court entered an amended case scheduling order. Since the stay was lifted and the new case schedule was set, the Parties have continued to pursue discovery.

6. Plaintiffs served subpoenas on Republic Services, Inc., Waste Management, Inc., and Recology, Inc., three major recycling companies operating in California. BTB also served subpoenas on Republic Services, Inc. and Waste Management, Inc.

7. Plaintiffs served subpoenas on Merlin Plastics and Evergreen Recycling LLC, two major operators of plastic water bottle reclamation plants in California.

8. Plaintiffs and Defendants have served multiple requests for production and interrogatories on each other, and have responded to multiple requests for production and interrogatories.

9. The Parties have conferred regarding search terms, custodians, ESI searches, sales data, relevant products, and each other's discovery responses.

10. Despite these efforts, the Parties have hit several obstacles in discovery, resulting in numerous conferences and eventually the filing of five discovery dispute letters, none of which has been resolved.

11. To date, Coca-Cola has produced about 295 documents, Niagara has produced 586 documents, and BTB has produced over 1,200 documents.

12. The Consumer Plaintiffs have produced 43 documents in total for all three named plaintiffs and the Sierra Club has produced more than 600 documents.

13. Plaintiffs anticipate that the productions from the Parties (collectively) will ultimately comprise thousands of documents.

14. Plaintiffs have issued seven subpoenas to large recycling facilities and are trying to obtain substantive responses (documents and testimony) from those non-parties.

15. Further, the Parties have identified more than a dozen fact witnesses and/or custodians in their initial disclosures and in their ESI conferences, so there will be a substantial number of depositions that need to occur. In sum, the majority of discovery remains outstanding in this case. Substantial time will then be needed to review and analyze the documents produced, conduct depositions, resolve any further disputes, and complete other tasks.

16. Given the pending disputes, the number of parties involved, and the complexity of document collection, the bulk of document production likely will not occur until November, and possibly thereafter.

17. Under the current schedule, with a discovery cutoff on December 22, this pace does not leave Plaintiffs sufficient time to review and analyze the documents, issue follow-up requests or resolve further disputes, prepare for and conduct depositions, and obtain admissions and/or stipulations to ensure the proper and efficient litigation of this case.

18. Accordingly, substantial harm and prejudice will occur if the discovery period is not enlarged, as the Parties will be unable to develop a proper and adequate record for the determination of

the claims and defenses raised in this lawsuit.

**The Parties' Discovery Efforts Prior to the Stay.**

19. On November 18, 2021, the Parties conducted a Rule 26(f) conference to discuss a discovery plan.

20. On November 22, 2021, Plaintiffs served Defendants with written discovery, but Defendants contended that discovery should not proceed while their motions to dismiss were pending and informed Plaintiffs that they would seek a stay of discovery.

21. In December 2021, as a compromise and to avoid burdening the Court with ruling on a motion to stay discovery, Plaintiffs and Defendants agreed to extend the deadline to respond to their written discovery requests until two weeks after the Court issued an order on a motion to dismiss holding that any of Plaintiffs' claims are viable.

22. On June 29, 2022, the Court issued a scheduling order, which set various pretrial deadlines, including a deadline for the close of fact discovery on December 16, 2022 (approximately 5 and 1/2 months after the date of the order), the close of expert discovery on March 3, 2023, and for Plaintiffs to file for class certification on March 31, 2023.

23. Immediately following June 29, the Parties met and conferred to reach agreement on a deadline for Defendants to respond to Plaintiffs' November 2021 discovery requests.

24. On August 4, 2022, Plaintiffs served each Defendant with a letter requesting information about their ESI custodians and databases and proposing ESI search terms.

25. On August 5, 2022, Defendants provided their responses and objections to Plaintiffs' interrogatories and requests for production.

26. On August 9, 2022, Niagara served Plaintiffs Marcelo Muto, Cristina Salgado and David Swartz with interrogatories and requests for production.

27. On August 10, 2022, Plaintiffs served 30(b)(6) deposition notices on each of the Defendants.

28. On August 12, 2022, after several meet and confers, the Parties filed a protective order and ESI order.

29. On August 26, 2022, the Parties exchanged initial disclosures.

30. On September 2, 2022, Coca-Cola served Sierra Club with interrogatories and requests for production and noticed the deposition of Simone Kufahl, a Sierra Club volunteer.

31. On September 9, 2022, BTB served Plaintiff David Swartz with interrogatories and requests for production.

32. On September 23, 2022, BTB noticed the deposition of Simone Kufahl, a Sierra Club volunteer.

33. On October 19, 2022, BTB served Plaintiff Sierra Club with interrogatories and requests for production.

34. On October 31, 2022, Coca-Cola served Plaintiffs Swartz, Salgado, and Muto with interrogatories and requests for production.

35. On November 7, 2022, Coca-Cola and BTB deposed Simone Kufahl, a Sierra Club volunteer.

36. On November 9, 2022, BTB served a deposition notice on Plaintiff David Swartz.

37. On November 10, 2022, Coca-Cola served a deposition notice on Hoiyin Ip, another Sierra Club volunteer, and Plaintiffs Muto and Salgado.

38. The Parties have participated in more than eight meet and confers, totaling more than ten hours, to discuss the protective order; the ESI order; ESI search protocols, custodians, and search terms; the scope of discovery; Defendants' objections and responses to Plaintiffs' written discovery requests; and depositions.

**Reasons for the Requested Enlargement and the Substantial Harm That Will Occur If the Court Does Not Grant the Requested Relief.**

39. The requirements of Local Rule 6-3 are satisfied here because (a) the number of Parties and attorneys in this consolidated case make the coordination of discovery a cumbersome process, and (b) the Parties need additional time to complete written discovery, document productions, conduct depositions, participate in mediation, and prepare class certification and dispositive motions, and therefore will suffer substantial prejudice if an extension were not granted.

40. Because this consolidated litigation involves seven Parties, fifteen attorneys of record, many attorneys who have not appeared in this case, in addition to in-house attorneys, reaching agreements between the Parties is cumbersome and time consuming despite the best efforts of counsel.

41. The Parties have each served responses to extensive written discovery and have spent many hours discussing ESI and discovery issues. However, the Parties still have significant disputes about ESI and the scope of discovery, including numerous disputes that are currently briefed and pending the Court's determination, and it will take additional time for the Parties to produce documents and for the Parties to complete depositions and other remaining discovery tasks.

42. The Parties have identified more than a dozen fact witnesses in their initial disclosures with discoverable information, so there will likely be a substantial number of depositions that will occur between now and the close of discovery.

43. The Parties are in agreement that they will be unable to complete the full exchange of discovery on the current timetable, and will suffer substantial harm and prejudice as a result.

**Prior Modifications to the Case Schedule and Effect of Extension on the Current Schedule**

44. The Court issued its initial scheduling order on June 29, 2022, setting various pretrial deadlines, including a deadline for the close of fact discovery on December 16, 2022, the close of expert discovery on March 3, 2023, and for Plaintiffs to file for class certification on March 31, 2023.

45. The Parties requested an extension of that schedule on September 26, 2022; however, that joint request was mooted by the Court's decisions to dismiss the consolidated amended complaint and to stay the action.

46. The next change to the case schedule occurred when the Court lifted the stay and set a new case schedule. This is the Parties' first request to modify that schedule.

47. The requested modification will require the Court to push back the currently scheduled trial date by approximately three months.

This declaration was executed on October 11, 2024 in Oakland, CA. I declare the foregoing under penalty of perjury under the laws of the United States.

DATED: October 11, 2024

**GUTRIDE SAFIER LLP**

By: /s/ *Rajiv V. Thairani/*

Rajiv V. Thairani (SBN 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
(415) 639-9090
(415) 449-6469 (fax)