O'Melveny

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019

T: +1 212 326 2000
omm.com

**VIA CM/ECF**

**Hannah Chanoine**
D: +1 212-326-2128
hchanoine@omm.com

October 25, 2024

Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, California 94102

**Re: *Swartz v. Coca Cola et al.* (Consolidated Case No. 3:21-cv-04643-JD) – Letter Regarding Disputes on Custodian and ESI-Related Issues**

Dear Judge Donato:

I respectfully submit this letter on behalf of Defendant BlueTriton Brands, Inc. ("BTB") regarding outstanding discovery disputes with Plaintiffs David Swartz, Marcelo Muto, Cristina Salgado, ("Consumer Plaintiffs") and Sierra Club (collectively, "Plaintiffs"). Pursuant to this Court's Standing Order for Civil Cases and the Civil Local Rules, the parties have participated in several meet and confers to resolve these disputes—the latest attempt on September 27, 2024, via videoconference—but to no avail.[1]

## Discovery Disputes

**Custodian Status of Hoiyin Ip**. BTB has asked—but Sierra Club has yet to agree—to include Sierra Club volunteer, Hoiyin Ip, as a document custodian. On August 14, 2024, Sierra Club provided BTB a list of custodians. BTB soon after proposed the addition of two custodians—Hoiyin Ip and Ruth Abbe. On August 26, 2024—after BTB inquired about the status of these individuals—Plaintiffs' counsel took the position they should not be designated as custodians because they were Sierra Club "volunteers." Plaintiffs' counsel has since agreed to add Ruth Abbe as a custodian, but they have missed multiple agreed-upon deadlines to clarify whether they will also add Hoiyin Ip as a custodian.

Hoiyin Ip is an important source of information in this case: she was heavily involved in an article cited in the Complaint;[2] a prior deposition of another Sierra Club volunteer extensively referenced her as having relevant information; and Plaintiffs even submitted a declaration from her in

[1] The parties also met and conferred on these issues on September 6, 2024, August 13, 2024, July 9, 2024, June 25, 2024, and/or June 13, 2024.

[2] *See* Second Amended Complaint ("SAC") ¶ 109 & n.18.

opposition to Defendants' Motion to Dismiss. *See* Decl. of Hoiyin Ip, Dkt. No. 78-1. Moreover, no "volunteer" status precludes Plaintiffs from designating Hoiyin Ip as a custodian. Indeed, Plaintiffs previously submitted another volunteer for deposition (Simone Kuhfal Schmidt) and produced corresponding documents, and they are planning on doing the same for volunteer Ruth Abbe. Accordingly, the Court should order Plaintiffs to immediately designate Hoiyin Ip as a custodian and produce responsive documents in her possession, custody, or control.

**Sierra Club's 30(b)(6) Witness.** Plaintiffs' counsel has also failed to confirm that Sierra Club's 30(b)(6) witness is a custodian. BTB's counsel sent an email on August 26, 2024 asking Plaintiffs' counsel for such a confirmation, received no response, and then followed up via videoconference. Accordingly, the Court should order Sierra Club to immediately designate its 30(b)(6) witness as a custodian and produce responsive documents in their possession, custody, or control.

**Search Terms.** Despite multiple efforts, Plaintiffs have yet to confirm the application of BTB's proposed search terms for Plaintiffs' document review. Once again, BTB has been hindered by Plaintiffs' dilatory tactics, which makes it impossible to assess the scope of their review.

On August 14, 2024—two years after BTB served Plaintiffs discovery requests in September and October of 2022, and three months since the stay was lifted on May 16, 2024—Plaintiffs, for the first time, proposed their search terms (only after BTB explained that their process of collecting and reviewing documents for production was deficient).[3] BTB immediately responded, requesting information to properly evaluate those terms. Plaintiffs did *not* provide all the requested information (despite repeated reminders). To move things forward, on September 11, 2024, BTB nonetheless proposed a list of additional search terms. Since then, Plaintiffs have ignored multiple, agreed-upon deadlines to respond to BTB's revisions and have yet to accept or reject any of BTB's additional terms. *See Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 870 (7th Cir. 2019) ("Discovery was cut off, in effect, when the parties had barely begun to negotiate the search terms, . . . ."). Plaintiffs' six weeks of failing to apply—let alone respond to—BTB's search terms is inexcusable. When Plaintiffs previously suggested a list of search terms for BTB's defensive discovery document review, BTB cooperated and modified the terms only with respect to syntax. Plaintiffs should do the same: BTB's proposed terms are reasonable and derive entirely from the RFPs served on Plaintiffs.[4] Accordingly, the Court should order Plaintiffs to immediately apply BTB's revised search terms to their document review.

**Third-Party Contact Information.** Plaintiffs have also failed to meet their basic discovery obligations under Federal Rule of Civil Procedure 26. Specifically, BTB has requested—in several meet and confers and follow-up communications—contact information for third parties that Plaintiffs have communicated with and subpoenaed. Despite these repeated efforts, Plaintiffs have ignored BTB's request and failed to provide a response. Plaintiffs have no justification for this

[3] Per Plaintiffs' counsel, Gutride Safier attorneys sat with the Consumer Plaintiffs as they searched their email accounts for documents, using key words chosen by Plaintiffs' counsel.

[4] BTB offered to remove any "duplicative" search terms to the extent they exist but have not heard back from Plaintiffs' counsel about any particular terms to remove.

refusal. Accordingly, the Court should order Plaintiffs to immediately provide the contact information for the third parties they have subpoenaed.

**Metadata and Noncompliance with ESI Protocol.** On August 16, 2022, the Court approved of the ESI Order,[5] which provides the requirements for producing metadata and specifically lists the metadata fields required for the produced documents. Consumer Plaintiffs have produced two small batches of documents—one batch of 43 documents on August 30, 2024 and another batch of 215 documents on October 22, 2024—and neither one complied with this Order.

Consumer Plaintiffs' first batch failed to conform to the ESI Order with respect to the following metadata fields: custodian, date created, time created, date last modified, time last modified, file path, Bates number assigned to first document page, Bates number assigned to last document page, from, to, cc, bcc, email subject, date received, time received, date sent, time sent, and confidentiality. *See* ESI Order at 12, Dkt. Nos. 88 & 89. In addition, nearly all the documents contain metadata belonging to the Consumer Plaintiffs' ***attorneys—not*** to the Consumer Plaintiffs themselves or their original files. The second batch of documents still contained no custodian information. Consumer Plaintiffs' second production also consisted of multi-page PDF files—in violation of the ESI Order—which resulted in additional cost to BTB, due to the unexpected need to convert those files and upload for review.

Consumer Plaintiffs' failure to produce responsive documents in accordance with the ESI Protocol prevents BTB from identifying critical information about the documents, including the source of any given document. Unfortunately, these failures are not limited to the Consumer Plaintiffs' productions. Sierra Club's productions are also deficient: their metadata lacks confidentiality designations and the file path information does not appear to be in the original location, as contemplated by the ESI Order. *See* ESI Order at 12, Dkt. Nos. 88 & 89. "By failing to produce documents with complete and accurate metadata, [parties fall] short of their discovery obligations." *Hoehl Fam. Found. v. Roberts*, No. 5:19-CV-229, 2023 WL 3271517, at *7 (D. Vt. Apr. 13, 2023). Accordingly, the Court should require Plaintiffs to immediately produce proper metadata and comply with the ESI Protocol.

**<u>Requested Relief</u>**

For the foregoing reasons, BTB respectfully requests that the Court order Plaintiffs to immediately (i) designate Hoiyin Ip and Sierra Club's 30(b)(6)'s witness as custodians and produce responsive documents; (ii) accept and apply BTB's proposed search terms; (iii) provide the requested third-party contact information; and (iv) provide all required metadata under the Court's ESI Order and comply with the ESI Protocol.

---

[5] The parties submitted a "Stipulated Order Re: Discovery of Electronically Stored Information," which the Court approved, except " in those cases where the stipulated orders conflict with the Court's standing orders." Order, Dkt. Nos. 88, 89 (collectively, "ESI Order").

O'Melveny

Dated: October 25, 2024

By: */s/ Hannah Y. Chanoine*

Hannah Y. Chanoine (*pro hac vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2128
(212) 326-2061(fax)
hchanoine@omm.com

*Attorneys for Defendant BlueTriton Brands, Inc.*