**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
marie@gutridesafier.com
RAJIV V. THAIRANI (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Stephen M. Raab (appearing *pro hac vice*)
stephen@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090 x109

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, CRISTINA SALGADO, and MARCELO MUTO on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, BLUETRITON BRANDS, INC. and NIAGARA BOTTLING, LLC,<br><br>    Defendants. | CASE NO. 3:21-cv-04643-JD<br><br>**JOINT STATUS REPORT RE: PENDING DISCOVERY DISPUTES BETWEEN PLAINTIFFS AND THE BLUETRITON BRANDS, INC.**<br><br>Honorable James Donato<br><br>Hearing Date: November 25, 2024<br>Time: 8:30 a.m.<br>Courtroom: 11 |
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY, and BLUETRITON BRANDS, INC.,<br><br>    Defendants. | CASE NO. 3:21-cv-04644-JD |

1

JOINT STATUS REPORT RE: PENDING DISPUTES; CASE NOS. 3:21-CV-04643-JD and 3:21-CV-04644-JD

Plaintiffs David Swartz, Cristina Salgado, Marcelo Muto, and Sierra Club (collectively, "Plaintiffs") and Defendant BlueTriton Brands, Inc. ("BTB") respectfully submit the following Joint Status Report to update the Court regarding the pending disputes between Plaintiffs and BTB, which are scheduled for hearing on November 25, 2024, at 8:30 a.m.

**A.     Resolved Disputes**

**1.  Timing of BTB's Productions (Dkt. Nos. 150 & 155)**

BTB will produce a large number of documents on or before November 25, 2024, and BTB will substantially complete its document productions responsive to Plaintiffs' requests for production on or before December 10, 2024. (Plaintiffs have also agreed to production timelines, as set forth below.) Accordingly, this dispute has been resolved, subject to follow through.

**2.  BTB's Response to Plaintiffs' Interrogatory No. 2 Regarding Labels (Dkt. Nos. 152 & 156)**

This dispute has also been nearly resolved, subject to follow through.  If the fact discovery cutoff remains December 22, BTB will serve a supplemental response to Interrogatory No. 2 on or before December 16, 2024, which will identify, for each UPC of the applicable products, sold in California, and based on the information available to BTB, the earliest date a label with the "100% Recyclable" representation could have been on products corresponding to that UPC and available for purchase.

By serving this supplemental response in resolution of this dispute, BTB does not concede that the earliest date a particular label could have been on any Applicable Product means that it was the only label on any Applicable Product UPC during that time period, because the Applicable Product UPCs varied as to whether it featured the "100% Recyclable" claim during the class period, and many UPCs were available for sale at the same time both with and without the "100% Recyclable" representation. BTB's supplemental response will also indicate, based on the information available to BTB, the period of time during which labels with the "100% recyclable" representation were phased out.

A minor remaining dispute regarding Interrogatory No. 2 is outlined in Section B.

**3.  BTB's Response to Plaintiffs' Interrogatory No. 10 Regarding Sales Data (Dkt. Nos. 152 & 156)**

This dispute has been resolved, subject to follow through.  Plaintiffs are obtaining Circana sales

data back to late 2019, directly from Circana.   BTB is checking whether it has sales data between 2018 and the end of 2019.  BTB has also requested additional sales data from Nestle for the entire class period and will produce responsive information that it receives, except that BTB will confer further with Plaintiffs regarding information that is subject to any third party confidentiality agreements and that BTB believes it is not authorized to disclose. Because BTB does not yet have the data it requested from Nestle, this particular data set may be produced after December 10. BTB expects to serve a supplemental response to Interrogatory No. 10 on or before December 16, 2024, which will refer to the sales information BTB is able to obtain.

### 4.   Third-Party Contact Information (Dkt. No. 160)

Other than Leon Farahnik—whom Plaintiffs' counsel just subpoenaed on November 22, 2024—BTB now has contact information for the subpoenaed third parties, so there is no longer any dispute on this topic.  Plaintiffs' counsel will provide the email address and phone number for Leon Farahnik on or before November 26, 2024.

### 5.   Sierra Club's Custodians (Dkt. No. 160)

In addition to the other custodians for whom Sierra Club has already agreed to produce documents, Sierra Club has confirmed its 30(b)(6) witness is a custodian for purposes of document collection. Hoiyin Ip was a volunteer who has left the Sierra Club.  BTB has subpoenaed Ms. Ip.

### 6.   BTB's Proposed ESI Search Terms (Dkt. No. 160)

This dispute has also been resolved. Plaintiffs agreed to some of BTB's ESI search proposals and BTB agreed to some of Plaintiffs' counterproposals.  The additional searches that Sierra Club will apply are reflected in a spreadsheet BTB's counsel sent to Plaintiffs' counsel on November 24, 2024.  The additional searches that David Swartz will apply are reflected in the spreadsheet Plaintiffs' counsel sent to BTB's counsel on November 22, 2024.

### 7.   Metadata for Plaintiffs' Productions (Dkt. No. 160) and Timing of Plaintiffs' Productions

Plaintiffs represent that they have substantially completed their production of Muto's and Salgado's documents, using Plaintiffs' original proposed search terms, on October 22, 2024.  This production included the metadata for those documents and BTB is not seeking additional metadata for those documents.  Plaintiffs represent that they have substantially completed their production of

Swartz's documents, using Plaintiff's original search terms, on November 22, 2024.  This production was missing the "Custodian" metadata, but Plaintiffs represent that David Swartz is the custodian for all documents Bates-stamped SWARTZ002363-SWARTZ002899, and BTB is not seeking additional metadata.  Plaintiff Swartz has agreed to run additional ESI searches, as indicated above, and his supplemental production of responsive documents identified through those additional searches will be substantially complete on or before December 4, 2024, and will include the relevant metadata, consistent with the November 22 production.

On or before December 10, 2024, Plaintiffs will substantially complete the production of Sierra Club's responsive documents, identified through both Plaintiff's original search terms and the additional ESI search terms that BTB and Plaintiffs have agreed upon—but Sierra Club will produce all documents from custodian Lauren Cullum at least seven days before her deposition or December 10, 2024, whichever is earlier.  Sierra Club has agreed to run additional ESI searches, as indicated above, and will substantially complete their productions of any responsive documents identified through those additional searches on or before December 10, 2024. Sierra Club will include the relevant metadata with those supplemental productions.

**8.  Swartz's Responses to BTB's RFPs Nos. 5–7, 9–12, and 15-50 (Dkt. No. 161)**

Plaintiffs and Defendants have reached resolution on almost all of the pending disputes regarding the Swartz RFP Nos. identified by BTB in its dispute letter (Dkt. No. 161).  First, as indicated above, Plaintiff Swartz made his production of responsive documents on November 22, 2024, and Plaintiffs and BTB have agreed to the search terms and timelines for Swartz's supplemental document production. In response to Requests 5–7, 9–12, and 15-50, Swartz is performing a reasonable search, using the agreed terms, and producing documents responsive to these requests (noting that BTB and Plaintiffs have agreed that Swartz's response to RFP Nos. 10-12 will be limited to consumer beverage products). Remaining disputes regarding these RFPs are outlined below in Section B.

**9.  Swartz's Responses to BTB's Interrogatories**

If the fact discovery cutoff remains December 22, Plaintiffs agree that on December 16, they will supplement or amend responses to the following interrogatories: 1, 4, 11, 12, 13, 14, 15, 16, and 17.  If the fact discovery cutoff changes, Plaintiffs agree that they will supplement or amend responses to

JOINT STATUS REPORT RE: PENDING DISPUTES; CASE NOS. 3:21-CV-04643-JD and 3:21-CV-04644-JD

interrogatories 11, 14, 15, 16, 17 at least 45 days before the close of fact discovery.

**10. Sierra Club's Responses to BTB's RFPs**

Subject to the agreements in Sections 6 and 7 above, Plaintiffs and Defendants have reached resolution on these pending disputes.  By December 10, Sierra Club has agreed to produce all nonprivileged documents that are responsive to BTB's RFPs to Sierra Club that hit on the agreed upon search terms (or, for Lauren Cullum's documents, December 10 or at least seven days before her deposition, whichever is earlier), subject to privilege—and for those privileged documents, they will produce such documents redacted for privilege and provide a privilege log in accordance with the governing ESI Order in this case.  The only exceptions to the foregoing are: (a) for RFP 13, Sierra Club will limit its search to plastic beverage bottles; and (b) for RFP 50, Sierra Club will produce such expert documents during the expert discovery period instead of by December 10.

**11. Sierra Club's Responses to BTB's Interrogatories**

The parties resolved the pending disputes related to Sierra Club's Responses to BTB's Interrogatories.  By December 16, Sierra Club will supplement the responses to BTB's interrogatories for which Sierra Club has not yet substantively responded, including but not limited to those listed in BTB's discovery letter: 1, 2, 6, and 7. Plaintiffs agreed to further investigate whether there is any information responsive to Interrogatory No. 11 by December 16 and will supplement if there is any additional non-privileged information.

**B.    Remaining, But Narrowed, Disputes**

**12. Dispute Regarding Identification of Labels By Bates Number in BTB's Supplemental Response to Plaintiffs' Interrogatory No. 2.**

Plaintiffs request that BTB identify all labels that were in use for the applicable products during the Class Period by Bates number in their supplemental interrogatory response discussed in section 2 *supra*. BTB has requested more time to determine the burden that this would entail.

**13. Dispute Regarding Swartz's Responses to BTB's RFP Nos. 2-3 and Interrogatory No. 1 (Dkt. No. 161)**

BTB's RFP Nos. 2 and 3 to Swartz seek all pleadings and other documents concerning (a) lawsuits to which Plaintiff Swartz has been a party and (b) other (unfiled) complaints, letters,

grievances, demands, or legal threats by Plaintiff Swartz. BTB's Interrogatory No. 1 to Swartz asks him to identify all such matters.

Plaintiff Swartz has agreed, to produce (a) complaints, grievances, demand letters, and the attorney advertisement in this case and (b) the complaints in any other publicly filed cases. Plaintiff Swartz has also agreed, in response to Interrogatory No. 1, to identify any other publicly filed lawsuit to which he was a party.

BTB continues to seek documents and information concerning other (unfiled) matters. For demand letters and settlements, BTB has proposed that Plaintiffs' counsel may redact company names and settlement amounts attributable to Plaintiffs' counsel, as long as Plaintiff Swartz provides a supplemental interrogatory briefly describing (a) the type of consumer products or services company and type of product at issue in a given demand letter or settlement and (b) settlement amounts received by Plaintiff Swartz in each particular case, and dates of same. Plaintiffs maintain that this information is irrelevant and not discoverable. BTB maintains that this information is highly relevant to Swartz's purported injury, bias, and credibility—especially in a case with no documentary evidence substantiating his purchase.

**14. Disputes Regarding Plaintiffs' Responses to BTB's Survey RFPs**

Plaintiffs have produced (a) the copies of the survey questions and images presented to the survey respondents, (b) a copy of the report of the Survey results, and (c) the native data file that Defendants requested in Requests for Production 29 and 30.

Plaintiffs maintain that communications between Plaintiffs' counsel and their consulting expert (who performed the survey) are privileged, work product, and protected from disclosure under the federal rules and applicable case law.

BTB contends that no privilege extends to Requests 2, 4, 10, 12, 13, 16, and 31, as BTB contends that in putting the consumer survey at issue in the Second Amended Complaint Dkt. No. 116 ¶¶ 607, 43-45 and opposition to the motion to dismiss (Dkt. No. 120 at 2, 16-18), Plaintiffs waived any privilege that could have adhered to a "consulting" expert. And by disclosing and relying on that consumer survey, Plaintiffs converted that purported "consulting" expert into a disclosed testifying expert. The full force of expert disclosures required under FRCP 26 therefore applies. BTB further contends that

Plaintiffs are judicially estopped from claiming this survey is the subject of a consulting privilege because Plaintiffs prevailed on their motion to dismiss by putting this survey at issue for the Court—and the Court relied on that survey in its order (Dkt. No. 123 at 1-2).

Both sides believe case law supports their respective positions and request a briefing schedule as follows: December 6, 2024 for BTB to file a discovery letter (3 page letter), December 13, 2024 for Plaintiffs to file an opposition (3 page letter), and December 20, 2024 for BTB to file a reply (1.5 page letter).

Dated:  November 24, 2024

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*[1]
Seth A. Safier
seth@gutridesafier.com
Marie A. McCrary
marie@gutridesafier.com
Rajiv V. Thairani
rajiv@gutridesafier.com
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Stephen M. Raab (appearing *pro hac vice*)
stephen@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090 x109

---

[1] Pursuant to Civil Local Rule 5-1(i)(3), I, Rajiv V. Thairani, hereby attest that concurrence in the filing of this document has been obtained from Hannah Y. Chanoine, counsel for BlueTriton.

JOINT STATUS REPORT RE: PENDING DISPUTES; CASE NOS. 3:21-CV-04643-JD and 3:21-CV-04644-JD

Dated: November 24, 2024

**O'MELVENY & MYERS LLP**

*/s/Hannah Chanoine/*
Dawn Sestito
dsestito@omm.com
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
(213) 430-6000
(213) 430-6407 (fax)

Hannah Y. Chanoine (pro hac vice)
1301 Avenue of the Americas
New York, NY 10019
(212) 326-2000
(212) 326-2061 (fax)
hchanoine@omm.com

*Attorneys for Defendant BlueTriton Brands, Inc.*

JOINT STATUS REPORT RE: PENDING DISPUTES; CASE NOS. 3:21-CV-04643-JD and 3:21-CV-04644-JD